IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIAH LEROSE BRACKEN,                )
                                    )
        Petitioner,                 )
                                    )    1:08CV742
        v.                          )    1:06CR206-5
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

**<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Tiah Lerose Bracken, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as an amended motion under that statute. (Docket Nos. 158, 164.)[1] Petitioner was charged in a multi-count, multi-defendant indictment with conspiracy to commit bank robberies with a dangerous weapon in violation of 18 U.S.C. §§ 371 and 2113(a) and (d), three counts of bank robbery in violation of 18 U.S.C. § 2113(a), three counts of bank robbery with a dangerous weapon in violation of 18 U.S.C. § 2113(d), two counts of carrying and using, by discharging, a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (c)(1)(B)(i), one count of carrying and using, by brandishing, a firearm during a bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (c)(1)(B)(i), and one count of attempted bank

---

[1]This and all further cites to the record are to the criminal case.

robbery in violation of 18 U.S.C. § 2113(a). (Docket No. 1.) She later pled guilty to the attempted robbery charge, the three bank robbery with a dangerous weapon charges, and the brandishing charge under § 924(c). (Docket Nos. 42, 43.) Petitioner was sentenced to a total of 120 months of imprisonment in a judgment entered on December 21, 2006. (Docket No. 86.) An amended judgment correcting a clerical mistake was entered on March 6, 2007. (Docket No. 92.)

Petitioner did not immediately file a direct appeal. Instead, on June 27, 2007, more than six months after the judgment in her case was initially entered, Petitioner filed a motion to proceed <u>in forma pauperis</u> and a motion for the transcript of her sentencing hearing. She sought the transcript for "[p]etitioning for [an] appeal." (Docket No. 110) The request for transcripts was denied on July 5, 2007. (Docket No. 113.)

On January 31, 2008, Petitioner filed another motion seeking transcripts. She stated that she needed them to prepare a § 2255 motion. (Docket No. 127.) The motion was denied on June 13, 2008. (Docket No. 138.) In the meantime, Petitioner filed a motion asking to file a § 2255 motion beyond the one-year limitation period found in § 2255. She filed that motion on May 28, 2008. (Docket No. 134.) It was also denied on June 13, 2008. (Docket No. 139.)

Finally, on August 4, 2008, Petitioner filed a document which, out of an abundance of caution, was construed as a motion under § 2255. (Docket No. 142.) It was dismissed without prejudice to Petitioner clarifying her intentions and filing a proper motion. (Docket No. 143.) However, on August 8, 2008, she filed a pro se notice of appeal. (Docket No. 146.) This was followed on October 10, 2008 by her current § 2255 motion, in which Petitioner alleges that her attorney did not file a direct appeal as requested. (Docket No. 158.) It was accompanied by a motion to preserve certain ineffective assistance of counsel issues pending the conclusion of the direct appeal she had filed in August (Docket No. 160). The § 2255 motion was filed and stayed until the end of Petitioner's direct appeal, while the motion to preserve issues was granted. (Docket No. 161.) Petitioner was allowed to file an amended § 2255 motion following the conclusion of her appeal. However, she was warned that nothing in the Court's order affected any problems she might have regarding the timeliness of her motions.

Petitioner's direct appeal was dismissed by the Fourth Circuit Court of Appeals on November 4, 2008. (Docket Nos. 162, 163.) Petitioner then submitted her amended § 2255 motion raising further ineffective assistance of counsel claims dealing with sentencing arguments she claims counsel should have made. (Docket No. 164.) Respondent has responded with a motion to dismiss Petitioner's

-3-

Case 1:06-cr-00206-TDS   Document 176   Filed 08/10/09   Page 3 of 8

§ 2255 motion and amended motion. (Docket No. 172.) Petitioner has filed a response (docket no. 175) and the matter is now before the Court for a ruling. See Rule 8, Rules Governing Section 2255 Proceedings.

## Discussion

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-4-

appeal period expires.  Id.; Fed. R. App. P. 4(b).  Here, Petitioner's amended judgment was entered on March 6, 2007 and she did not file a timely direct appeal.  Therefore, her time to file her § 2255 motion began to run ten days later when the time to file an appeal ended.  Her year to file her § 2255 motion then expired a year later in March of 2008.  However, Petitioner did not submit her first document that could be construed as a § 2255 motion until August 7, 2008, well after her time to file had expired.  Her motion is out of time under this subsection.  Only if another subsection gives Petitioner more time to file will her motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing her § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented her from filing this motion.  Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review.  Petitioner does not allege that she is relying upon any such right.  This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could

have been discovered through the exercise of due diligence. Petitioner's claims in her motion are based on facts that existed and were known to her at least by June of 2007, when she first requested transcripts to help her attempt to get a direct appeal. She obviously knew by that time that her attorney had not filed an appeal, and sought to do so herself. Still, more than a year passed before she first filed her § 2255 motion. The other claims raised in her amended motion would have been known or knowable even earlier, at least by the time the judgment in Petitioner's case was entered. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

Petitioner does not argue that her motion is timely under the calculations set out above. Instead, she requests that the applicable time limit be equitably tolled because she allegedly told her former attorney to file an appeal, but he did not, even after telling her that he would. She states that time passed while she mistakenly thought that an appeal had been filed. She seeks to have this time not counted against her one-year period to file her § 2255 motion.

The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000); Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful

-6-

conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing her rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if she has been prevented in some extraordinary way from exercising her rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising her rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, 544 U.S. 408.

Petitioner claims that she was not aware that no appeal had been filed until she contacted this Court and discovered that no

-7-

Case 1:06-cr-00206-TDS   Document 176   Filed 08/10/09   Page 7 of 8

notice of appeal had been filed. She does not state when this alleged discovery occurred. However, as noted above, she at least knew by June 27, 2007, when she began making preparations to file her own appeal. She still did not file her § 2255 motion until more than thirteen months later in August of 2008. This is so despite the fact that she filed motions seeking transcripts to help her in preparing her § 2255 motion and to extend her time to file her § 2255 motion. Even if June 27, 2007 is used as the starting point for the one-year time period, Petitioner was obviously aware that she needed to file a § 2255 motion and that the time to do so was running. Still, she did not act by filing the motion. In the end, her motion would not be timely even if the Court agreed with her equitable tolling argument. It was Petitioner's own lack of diligence that caused her motion to be untimely. Respondent's motion to dismiss should be granted.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 172) be granted, that Petitioner's motion and amended motion to vacate, set aside or correct sentence (Docket Nos. 158, 164) be dismissed, and that Judgment be entered dismissing this action.

                                        /s/ Donald P. Dietrich
                                          **Donald P. Dietrich**
                                   **United States Magistrate Judge**

August 10, 2009